Opinion
COLE, J.
Defendant was convicted of violating Vehicle Code section 22348, subdivision (b).[1] The subdivision reads,
*Supp. 71 “Any vehicle subject to the provisions of Section 22406 shall be driven in a lane designated pursuant to Section 21655, or if no such lane has been designated, in the right-hand lane for traffic or as close as practicable to the right edge or curb. When overtaking and passing another vehicle proceeding in the same direction, such drivers shall use either the designated lane, the lane to the immediate left of the right-hand lane, or the right-hand lane for traffic as permitted under the provisions of this code. This subdivision shall not apply to a driver who is preparing for a left- or right-hand turn or who is in the process of entering into or exiting from a highway or to a driver who must necessarily drive in a lane other than the right-hand lane to continue on his intended route.”
The defendant was cited for driving a vehicle subject to the section in the number one, or left, lane of a four-lane freeway. He testified that he had moved into the number two lane of the freeway in order to continue on his intended route, since the right two lanes of the freeway forked at a freeway interchange. He also testified that traffic conditions then forced him into the number one lane.
The statement on appeal certified by the trial court states that the judge “stated that he found no difficulty with the Defendant being in lane 2, but for moving into lane 1, he found Defendant guilt [¿z'c] of the violation cited.”
The holding is in error. It is irrelevant that defendant moved into lane number one because the statute does not apply. The quoted language indicates that defendant had properly moved into lane number two in order to continue on his journey. Section 22348, subdivision (b), expressly states that in such circumstances it “shall not apply.” The language is explicitly clear. It does not state that a driver may move over *Supp. 72 only as far to the left as necessary to continue on an intended route. The People urge that we so construe the statute because it otherwise provides for vehicles covered by it to be driven “as close as practicable to the right edge or curb.” We cannot do so. In construing a statute we must “declare what is in terms or in substance contained therein, not. . . omit what has been inserted. . . .” (Code Civ. Proc., § 1858.) Where a statute is plain and unambiguous, as here, there is no room for construction. (Wahl v. Waters (1938) 11 Cal.2d 81, 89 [77 P.2d 1072].)
Accordingly, since defendant was properly driving in other than the right-hand lane, in order to continue on his route, subdivision (b) of section 22348 did not apply.
The inapplicability of subdivision (b) existed during the time that the defendant was traveling on that section of the freeway where the two lanes sheered off from his intended route.
The judgment is reversed.
Marshall, P. J., concurred.
ALARCON, J.
I concur in the judgment. Subdivision (b) of section 22348 expressly excludes a driver “who must necessarily drive in a lane other than the right-hand lane to continue on his intended route.” The settled statement on appeal (originally drafted by the defendant) sets forth the testimony of the officer who issued the citation. Nowhere in the People’s evidence is there any reference to any facts which show that it was necessary for the defendant to drive in a lane other than the right-hand lane “to continue his intended route.” Further the officer did not testify concerning any vehicle which caused the defendant to make a lane change to avoid a rapid stop in heavy traffic. The essence of the officer’s testimony was that the defendant was observed driving a combination vehicle on a four-lane highway in lane number two and lane number one.
The defendant testified that he was driving in lane number two Interstate 5 to avoid being trapped in either of the two lanes which branch off of Interstate 5 to become Ventura Freeway exit lanes. He changed lanes to lane number one to avoid a camper which moved into the number two lane.
*Supp. 73 Based on this evidence the trial court found the defendant guilty of a violation of subdivision (b) of section 22348. If the trial judge had made no comment, the duty of this court would have been to affirm the judgment. We would have been required to accept the prosecution’s version of the facts (i.e., that the defendant failed to drive in the right-hand lane of traffic on a four-lane highway) and disregard the defendant’s testimony that he was in lane number two to continue on his intended route.
The problem with this case is the meaning of the enigmatic comment by the trial judge “that he found no difficulty with the Defendant being in lane 2 but for moving into lane 1, he found Defendant guilt [s/'c] of the violation cited.” If this statement is construed as a determination that it was permissible for the defendant to drive in lane number two to continue on his intended route but a violation of subdivision (b) of section 22348 because he failed to drive in a lane “as close as practicable to the right edge or curb,” the trial court ignored the exception spelled out in the last sentence of said section. Since I am unable to determine whether the trial court’s observation reflects a misunderstanding of the law or an acceptance of the defendant’s version of the facts, I must resolve my doubts in favor of the defendant.

HJnless otherwise stated, all section references are to sections of the Vehicle Code. Section 22348 is a temporary statute, due to expire on July 1, 1978. (Stats. 1975, ch. 153.) Almost identical language to subdivision (b) of section 22348 is found in a permanent *Supp. 71 statute, subdivision (b) of section 21655, which read prior to January 1, 1976:
“Any vehicle subject to the provisions of Section 22406 shall be driven in the lane or lanes designated pursuant to subdivision (a) whenever signs have been erected giving notice of such designation. When specific lane or lanes have not been so designated, any such vehicle shall be driven in the right-hand lane for traffic or as close as practicable to the right edge or curb. When overtaking and passing another vehicle proceeding in the same direction, such drivers shall use either the designated lane, the lane to the immediate left of the right-hand lane, or the right-hand lane for traffic as permitted under the provisions of this code.
“This subdivision shall not apply to a driver who is preparing for a left- or right- hand turn or who is in the process of entering into or exiting from a highway or to a driver who must necessarily drive in a lane other than the right-hand lane to continue on his intended route.”